numbered as of December 16, 1946. It was held that the letter of December 14 was a protest and was timely, the court stating that a protest is not required to be in a particular form nor need it designate the paragraph under which the claim is made, provided that it informs the collector of the real ground of the complaint. (*Carter* v. *United States*, 1 Ct. Cust. Appls. 64, T. D. 31033; *Frankenberg* v. *United States*, 13 Cust. Ct. 123, C. D. 882; and *Raybestos Manhattan, Inc.* v. *United States*, 27 C. C. P. A. 340, C. A. D. 109, cited.) On the advice of the examiner, counsel for the Government conceded that the pieces of lace in question are artistic antiquities. It was therefore held that the merchandise is free of duty under paragraph 1811 as artistic antiquities produced prior to the year 1830.

**No. 52059.**—Charles Products Co. et al. *v.* United States, protests 60234–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 52060.**—A. Grove Knutsen *v.* United States, protest 76459–K (San Francisco).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

BEFORE THE SECOND DIVISION, DECEMBER 5, 1947

**No. 52061.**—High Grade Import Co. *v.* United States, protests 612920–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise consists of knit fabric the same in all material respects as the fabric of which the gloves the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333) were made. In accordance therewith the claim of the plaintiff was sustained.

**No. 52062.**—Max Mayer & Co. et al. *v.* United States, protests 617746–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim of the plaintiffs was therefore sustained.

**No. 52063.**—Goessling, Inc., et al. *v.* United States, protests 486870–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 52064.**—Gimbel Bros., Inc., Delaware et al. *v.* United States, protests 533620–G, etc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

**No. 52065.**—Oxford University Press, N. Y., Inc. *v.* United States, protests 93150–K, etc. (New York).

Opinion by KINCHELOE, J. Certain items of the merchandise stipulated to consist of books of *bona fide* foreign authorship similar in all material respects (except title in some instances) to the books which were the subject of *Oxford University Press, N. Y., Inc.* v. *United States* (33 C. C. P. A. 11, C. A. D. 309), were held dutiable at 7½ percent under paragraph 1410, as modified by T. D.